**FILED**
**UNITED STATES DISTRICT COURT**
**ALBUQUERQUE, NEW MEXICO**

AO 241
(Rev. 06/13)

**JUL 2 0 2016**

Page 2

**MATTHEW J. DYKMAN**
**CLERK**

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| **United States District Court** | District: *TWELFTH JUDICIAL DISTRICT, DIVISION I* |
| Name (under which you were convicted): *ARAGON, MARCOS* | Docket or Case No.: *16CV836 GBW/JB*  *D-1215-CR-2010-2060* |
| Place of Confinement: *Penitentiary of New Mexico / PO Box 1059 Santa Fe NM* | Prisoner No.: *#74374* |
| Petitioner (include the name under which you were convicted) *MARCOS, ARAGON* | Respondent (authorized person having custody of petitioner) v. *GERMAN FRANCO* |
| The Attorney General of the State of: *NEW MEXICO* | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   *STATE OF NEW MEXICO, County of OTERO, TWELFTH JUDICIAL DISTRICT*
   *1000 NEW YOURK AV. Alamogordo New mexico 88310*

   (b) Criminal docket or case number (if you know): *# D-1215-CR-2010-2060*

2. (a) Date of the judgment of conviction (if you know): *8·9·2011*

   (b) Date of sentencing: *10·20·2011*

3. Length of sentence: *(20) years incarceration, with (5) years supervision of Adult Probation*

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   *Amended Count 1: Second Degree murder (Accessory) NMSA 1978 § 30·2·1(B)*
   *and § 30·1·13, a Second Degree Felony resulting in the Death of*
   *a Human being.*
   *Amended Count 2: Second Degree murder (Accessory) NMSA 1978 § 30·2·1(B)*
   *and § 30·1·13 a Second Degree Felony resulting in the Death of*
   *a Human being.*

6. (a) What was your plea? (Check one)

   ☐ (1)  Not guilty          ☒ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty              ☐ (4)  Insanity plea

AO 241
(Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *Plead No Contest To Bouth*

*Counts 1 and 2*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8.   Did you appeal from the judgment of conviction?

☐ Yes   ☒ No

9.   If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

Page 4

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): S-1-SC-34,443

(2) Result: It was ordered that petition for Certiorari be "Quashed" and was further ordered that "Mandate" shell Issue Returning This matter to the District Court.

(3) Date of result (if you know): April 18. 2016

(4) Citation to the case (if you know): Not know / Not sure what Question is asking?

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: County of Otero Twelfth Judicial District

(2) Docket or case number (if you know): D-1215-CR-2010-00206

(3) Date of filing (if you know): Feb, 27, 2011

(4) Nature of the proceeding: "Writ of Habeas Corpus"

(5) Grounds raised: ① Inefective Assistance of Counsel. ② Violation of his 14th Amendment, "Due Procedure" Evedence was not properly verified," ③ "Violation of 14th Amendment" Fundemental Fair Proledur," State should not have been able to use addmison of prior Jurinal Convection. ④ Pititioner did not Recive a fair Hearing or Due to Petitoners Counsel waveing Right to Be present at his Grand Jury Hearing or Evidentray Hearing on his Case Befor Petitioner knew all evidence and being Convineced to enter in to a Guilty Plea. ⑤ Avalid Clame of Actual Innocence.

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: No Hearing wass Heald.

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: DISTRICT COURT, TWELFTH JUDICIAL DISTRICT COURT OF OTERO

(2) Docket or case number (if you know): D-1215-CR-2010-00206

(3) Date of filing (if you know): ① 12.5.2011 ② 11.21.2014 ③ 10.13.2015 ④ 4.11.2016

(4) Nature of the proceeding: AI VERE MOTION TO RECONSIDER SENTENCED

(5) Grounds raised: ① DEFENDENT WAS WITH OUT Hope and Felt helpless and Felt

PRESURED in to signing plea ② Presentence Report indicated Defendent WAS Honest, straight
forward and Remorseful ③ PE-sentence Reports Recomend a sentence of a total of 15 yrs
of Incarceration NOT (30yrs) ④ DEFENDENT WAS Told by Attorney MARIO, Turrez He would only
Recive (15) if He took plea ⑤ DEFENDENT GAVE Copys of all Certificits of classes that
HE Has Completed ⑥ Defendant is willing and able To Relocate
To another state if the courts seem IT Nessasary.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: All motions WERE Denied
NO HEARING Has EVER Been Held int Any Motions Filed.

(8) Date of result (if you know): ──────── JUNE 29ᵗʰ 2016

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: NO OTHER MOTION Filed AT THIS TIME

(2) Docket or case number (if you know): ──────

(3) Date of filing (if you know): ──────

(4) Nature of the proceeding: ──────

(5) Grounds raised: ──────

AO 241
(Rev. 06/13)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:   ☒ Yes   ☐ No

(2)  Second petition:   ☒ Yes   ☐ No

(3)  Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_FILED TO Highest STATE Court Having Jurisdiction_

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:   _INEFFECTIVE ASSISTACE OF Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_"SEE ATTACED Pages" AND ATTACED EXHIB, (A)(B)(C)"_

(b) If you did not exhaust your state remedies on Ground One, explain why:

_"EXHAUSTED All STATE REMEDIES"_

AO 241
(Rev. 06/13)

(c)   **Direct Appeal of Ground One:**   WRIT OF CERTIORARI AD Habeas corpus only

   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:   Raised IN Habeas Corpus
Petition only and WRIT of CERTIORARI

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☒ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:   Petition FOR WRIT OF Habeas Corpus

   Name and location of the court where the motion or petition was filed:   IN THE OTERO County
DISTRICT Court House 1000 New Yourk Av Alamogordo New Mexico 88310

   Docket or case number (if you know):   D-1215-CR-206

   Date of the court's decision:   NOVEMBER 14, 2013

   Result (attach a copy of the court's opinion or order, if available):
   " Copys ATTACHED "

   (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

   (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:   Filed under A Writ of CERTIORARI.

   Name and location of the court where the appeal was filed:   STATE of NEW MEXICO Suprim
Court - PO Box 848 Santa FE NM 87504,

   Docket or case number (if you know):   S-1-SC-34, 443

   Date of the court's decision:   April 18, 2016

   Result (attach a copy of the court's opinion or order, if available):
   " Copy ATTACHED "

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

CONTINUE FROM Pg. "6" GROUND ONE

ARGUMENT #1

① TRIAl Counsel did not allow defendent to be present at a grand Jury Inditment on JUNE 1, 2010 at 3:00pm IN Front of Judge Jerry H. Ritter ( ) Magistrate Court, Criminal Rule 15; Const Art 2 §14 STATE V. Taylor 1985, 103 NM 189, 704 P2d 443, Criminal LAW .224 Rule 5-302 "STATES" (No PERSON shall be held on InFormation before Without Haveing waived Such preliminary, EXamination before Examing Magistrate, or having waived Such preliminary Examination) The Petitioner Brought to Counsels attention to be present For his grand Jury Haring, To File Motion to "Suppress-ERRORS IN THE Admission of Evidence"-THE Court clamed to have held A HEaring IN records, Counsel Errored IN Waving The Hearing. THE records Nill reflict THE Pottitioner WAS NEVER IN Court For ANY Such hearings.

Counsel also had a duty To Submit a motion to suppress All Evidence ● The Evidence is Taunted search warrent WAS For wrong Car. VIN# NOT TO MACH THE CAR IN THE SEARCH warrent. Also Car not registered TO Mr Aragon like prosecutor Clames in all Motions Submitted To District Courts. ( (B) Search warrent ) "States" REQUIRES that A warrent describe, with "ParticularCity,] THE PLACE TO be Searched and the Person or Thing To be seized) Md v. Garrison 480 US 79, 84 (1987); SEE Also Andersen v. Md 427 US 463, 480 (1996) Particularity requierment " " THE SIzure OF ONE thing under a warrent describing another "SEE Also Steele v. US 267. 45 498, 503 (1925) The warent should Discribe place to be searched and objects to be Seized With SuFFicient particularity So AS to leave " " To the discretion OF THE OFFICERS Executing the Warrent "Rules OF EVidence NOT Followed This Clearly SHows a proper Investigation WAS not Followed. Counsel should have moved To Suppress Evidence. This Clearly shows INEFFECTIVE ASSistance of Counsel as defined by US Constetution IN Strickland V. WAShington. Counsels Conduct WAS Clearly Contory to Establish Federal law U.S. CA 2254 (D)(1) Counsels Defence PerFormens denied his Client a Fair Trial-A Fundamental ERROR. Although Counsel need NoT File EVERY Motion IN order To Provide Constitutionally effective ASSistance "SEE Brazeal. 109 NM at 757, 790 P2d at 1038, This Motion WAS CRucial Becaus it Could Have Excluded KEY Evidence Taken Together The Evidence against Pititioner and His statments PRIOR To HIS No Contest plea. Pititioner states HE would Not Have pled No contest Had

Pg1-2

Counsels PERFORMANCE NOT BEEN defiCient, Pititioner would HAVE GONE TO TRIAL instead of Pleading NO contest, HAD Counsel MoVED to Suppress all EVIDENCE. Counsels deficate performance pre-judiced Pititioner. Counsel also FAILD TO INFORM Pititioner HE KNEW THE ViCtomes IN the CASE HE was REPRESENTING defendent IN. AS HE STATED IN open court at Defendents SENTENCING ON october 20, 2011 at 3:50 pm "~~For ~~~~EVdence~~~~(E)~~ ~~~~TEXT ~~ ~~~~EVidence~~") THis Is a Violation of his ~~6th amendment "Right of~~ ~~confront"~~ IN matters of Client-attorney Confidentiality, THE N.M. Supream Court indicates that "A lawyer must demonstrate undivided loyalty TO a Client." Roy D. MerCer, LLC. Reynolds, 2013-NMSC-062, 292 P3d. 466. THe Client-Attorney relationship and the Confidentiality that underlines it. ARE Critical not only to a clients legal rights and proceedings But to over all Trust in the legal system. ~~Rules of Pro~~ (MA)

Counsel also FAILD TO INFOR Pititioner of his FULL EXposeR OF THE Plea HE signed. "THe Courts shell not Accept a plea OF Quilty without DETERMINING that THE Defendant understands THE mandatory minimum, and maximum penalty provided by law. If ANY and THE maximum possible penalty by law FOR THE OFFENSE (MA) ~~to which THE plea~~ to which THE plea IS offered Rule 5-303 (F)(2) NMRA 2006, Defendant was under THE Impresion HE would get HIS Time RAN Concurent Like Requested IN HIS P.S.R AND do to his Attorney stating THE ~~same~~ TO Him and His Family." IF Allowed a EVEDintary HEaring petitioner will Present witnesses TO Support THIS Claime.



# ALAMOGORDO
# CASE DOCKET
## CASE NO. D-1215-CR-2010-00206



STATE OF NEW MEXICO VS. MARCOS ARAGON

§
§
§
§

Location: **Alamogordo**
Judicial Officer: **Ritter, Jerry H., Jr.**
Filed on: **05/19/2010**
Case Number History:

---

## CASE INFORMATION

| Offense | Deg | Date | |
|---|---|---|---|
| 1. Murder in the second degree | F2 | 04/18/2010 | Case Type: **Felony Homicide** |
| STN: 190100100339 | | | |
| *Filed As:* MURDER IN THE FIRST DEGREE (COMMISSION OF FELONY) | FC | 5/19/2010 | Case Status: **11/14/2013  Final Closed** |
| 2. Murder in the second degree | F2 | 04/18/2010 | Case Flags: **Read Case Notes** |
| STN: 190100100339 | | | |
| *Filed As:* MURDER IN THE FIRST DEGREE (COMMISSION OF FELONY) | FC | 5/19/2010 | |
| 3. Robbery - attempt | F3 | 04/18/2010 | |
| STN: 190100100339 | | | |
| 4. Robbery - conspiracy | F3 | 04/18/2010 | |
| STN: 190100100339 | | | |
| 5. Shooting at or from a motor vehicle (no great bodily harm) | F2 | 04/18/2010 | |
| STN: 190100100339 | | | |

**Statistical Closures**

| 11/14/2013 | Order Writ of Habeas Corpus |
|---|---|
| 11/17/2011 | Judgment / Sentence / Commitment |

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number  D-1215-CR-2010-00206 |
| | Court  Alamogordo |
| | Date Assigned  05/28/2010 |
| | Judicial Officer  Ritter, Jerry H., Jr. |

---

## PARTY INFORMATION

*Lead Attorneys*

| Defendant | **ARAGON, MARCOS G** | |
|---|---|---|
| Plaintiff | **STATE OF NEW MEXICO (DA)** | **Martwick, Diana Athena** |
| | | 575-437-3825(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 05/19/2010 | OPN: GRAND JURY INDICTMENT (Judicial Officer: Rupp, David I. )<br>*GRAND JURY INDICTMENT COUNT 1 AND 2; FIRST DEGREE FELONY MURDER, CAPITAL FELONY COUNT 3; ATTEMPT TO COMMIT ARMED ROBBERY, 3RD DEGREE FELONY COUNT 4; CONSPIRACY TO COMMIT ARMED ROBBERY, 3RD DEGREE FELONY COUNT 5; SHOOTING AT OR FROM A MOTOR VEHICLE, 2ND DEGREE FELONY DA; DIANA MARTWICK PD; MARIO TORREZ MAG COURT #FR2010-133 BOND SET $100,000 NO 10%* | |
| 05/19/2010 | REQUEST<br>*CLERKS REQUEST FOR TRANSCRIPT OF PROCEEDINGS MAG COURT #FR 2010-133* | |
| 05/21/2010 | SUMMONS ISSUED (Judicial Officer: Rupp, David I. )<br>*GRAND JURY INDICTMENT JUNE 1, 2010 AT 3:00 PM BEFORE JUDGE JERRY H. RITTER* | |

Printed on 12/02/2013 at 2:19 PM



**AFFIDAVIT FOR SEARCH WARRANT**
**STATE OF NEW MEXICO**
      VS.

**DISTRICT COURT**
**OTERO COUNTY**

**Marcos Aragon, Defendant(s)**
**DOB: 05-18-1990**
**SOC:** ~~XXXXXXXX~~

## EXHIBIT "A"
### PLACES TO BE SEARCHED

1) A white 1992 Honda 4 door Civic bearing New Mexico plate ~~#KEP-319, VIN:~~ ~~#JHMEG8640N8003456,~~ describe with tinted windows, currently parked in Alamogordo DPS indoor bay, 700 Virginia Avenue, currently ~~registered to Marcos Aragon~~ (DOB: 05-18-1990).

2) A silver/gray Verizon Cell Phone found in the possession of Marcos Aragon.

### ITEMS TO BE SEARCHED FOR AND SEIZED:

1) Latent and/or visible print(s), including but not limited to fingerprint(s).

2) Fingerprint, palm print and/or footprint standards sufficient for laboratory examination from any person(s) located at the herein-described premises and/or vehicle(s), to be searched.

3) Bodily fluid(s), bodily tissue(s) and/or bodily organ(s) including but not limited to saliva, semen, blood, bone fragments, skin, hair and/or any item(s) that may have said item(s) upon and/or within them.

4) Material(s) apparently used and/or intended for use in administering aid and/or assistance to injured people.

5) Firearm(s), firearm components, firearm accessories, firearm cleaning materials, firearm cases, firearm owner manuals and/or any other items used to facilitate the possession, use, maintenance and/or transfer of the said item(s). Document(s) that establish or tend to establish ownership, possession, use, transfer and/or the right to ownership, possession, use and/or transfer of the herein-described item(s), to be seized.

6) Ammunition, whether fired or unfired, projectile(s), fragment(s) of projectile(s), ammunition casing(s) whether fired or unfired and/or any other component(s) of ammunition. Document(s) that establish or tend to establish ownership, possession, use, transfer and/or the right to ownership, possession, use and/or transfer of the, herein-described item(s), to be seized.

7) Any weapon(s), tool(s) and/or instrument(s) capable of causing sharp force trauma to the human body. Document(s) that establish or tend to establish ownership, possession, use, transfer and/or the right to ownership, possession, use and/or transfer of the herein-described item(s), to be seized.

8) Any weapon(s), tool(s) and/or instrument(s) capable of causing blunt force trauma to the human body. Document(s) that establish or tend to establish ownership, possession, use, transfer and/or the right to ownership, possession, use and/or transfer of the herein-described item(s), to be seized.

9) Any weapon(s), ligature(s) and/or item(s) capable of causing ligature and/or mechanical strangulation and/or injury to the human body. Document(s) that establish or tend to establish ownership, possession, use, transfer and/or the right to ownership, possession, use and/or transfer of the herein-described item(s), to be seized.

10) Any item(s) and/or material(s) that have what appear to be impression(s), mark(s), and/or defect(s) on said item(s) and/or material(s).

11) Residue(s) apparently deposited by the discharge of firearm(s) and/or any explosion(s) and/or any item(s) and/or material(s) that may have said item(s) and/or material(s) on and/or within them.

12) Any item(s) apparently used to restrain and/or control a person. Any item(s) apparently used to facilitate the restraint and/or control of a person.

13) Trace evidence, including but not limited to glass, hair and/or fiber(s) and/or any item(s) and/or material(s) that may have said item(s) on and/or within them.

14) Any document(s) which have what appears to be the personal identifying information of the deceased occupants within the vehicle.

15) Telephones, pagers, cellular telephones, radio transmitter/receivers, telephonic answering, paging and/or messaging machine(s). Data stored on/within the internal and/or external memory of the herein-described items, to be searched, including, but not limited to text messages, voice messages and/or any other data. This warrant shall authorize the complete search of the herein-described items, to be searched. It may be necessary to view, listen to and/or manipulate the herein-described items, to be searched, in order to copy, transcribe, transfer and/or otherwise document the data. This warrant shall authorize law enforcement and/or people assisting law enforcement to answer any incoming telephone call(s) which are received on the herein-described items, to be searched, and converse on said items, while executing this warrant and/or after taking possession of the herein-described items, to be searched.

16) Illegal narcotics and/or any other controlled substance(s) and/or suspected illegal narcotics and/or any other suspected controlled substance(s) including, but not limited to any drug or substance listed in Schedules I through V of the Controlled Substance Act or regulations adopted thereto.

17) Illegal narcotics paraphernalia, including but not limited to all equipment, products and/or materials of any kind that are apparently used, intended for use and/or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling and/or otherwise introducing into the human body, a controlled substance or controlled substance analog in violation of the Controlled Substance Act.

18) Currency and/or containers and/or packages containing and/or packaging currency.

19) Documentation of the herein-described premises, vehicle(s), person(s) and/or the herein-described item(s), to be seized, by means of measurement, photography, videography and/or any other means deemed necessary by law enforcement and/or person(s) assisting law enforcement.

20) Camera(s), video camera(s), film, whether exposed and/or unexposed, photographic negative(s), photograph(s), photographic print(s), video tape(s), DVD(s) and/or any other image(s) documented on any media, photography and/or videography equipment, photography and/or videography accessories and/or devises apparently used to facilitate photography and/or videography.

21) Item(s) which establish or tend to establish possession, use, residence, occupancy, presence and/or the right to possession, use, residence, occupancy and/or presence at the above described premises and/or vehicle(s) to be searched.

27. Affiant is also aware that suspect(s), victim(s) and/or witness(es) may document information relating to the crime(s) on paper, on computers and/or on other forms of media. They often make and/or receive telephone calls before, during and/or after the commission of crime(s). Such information, if it exists, may be material and relevant to this investigation. This warrant shall include the viewing, listening to, copying, transcribing, transferring and/or recording of data on the herein-described item(s), to be seized.

28. Affiant is also aware that item(s) which establish or tend to establish possession, use, residence, presence and/or occupancy of the herein-described vehicle(s), to be searched often demonstrate who had access to the vehicle(s). Such information may be material and relevant to this investigation.

29. Therefore, in order to ensure that a complete and thorough investigation, investigators may be required to examine the entire, above vehicle(s) and/or person(s), including but not limited to, examination of cells phones. It may be necessary for investigators to remove and/or damage entire portions of vehicle(s) including but not limited to doors, windows, upholstery, clothing, mechanical equipment, and/or other items.

30. Affiant knows through training and experience that digital media devices such as cellular telephones, computers, memory devices, cameras, etc often contain valuable information concealed within.

31. Affiant knows through training and experience that person/s often utilize passwords to prohibit unauthorized entry to their digital media devices.

32. Affiant prays for a search warrant for the above-described vehicle and cell phone based on the information provided in this affidavit.


_District Attorney Diana Martwick via Phone_
**APPROVED**

_4/19/2010 @ 0401 hrs_
**DATE AND TIME**


_Out. M. S._
**AFFIANT**

_4/19/2010 @ 0527_
**DATE AND TIME**


**DISTRICT JUDGE**

_4/19/10      5:27 am._
**DATE AND TIME**

## SHERIFF'S RETURN

**STATE OF NEW MEXICO** )
  ) ss.
**COUNTY OF OTERO** )

I, _____, Sheriff of Otero County, New Mexico, do hereby certify that I served the within Subpoena by delivering a copy thereof to each of the following persons therein named, in Otero County, New Mexico, on the dates hereinafter set out, as follows:

_____ on _____, 2010
_____ on _____, 2010
_____ on _____, 2010
_____ on _____, 2010

I further certify that none of the said persons, except _____, at the time of service of the Subpoena, demanded fees and mileage for one day's attendance allowed by law, an that such fees and mileage were tendered to any of said persons who demanded same.

Fees: $_____

_____
Deputy Sheriff

## RETURN BY PERSON OTHER THAN SHERIFF OR DEPUTY

**STATE OF NEW MEXICO** )
  ) ss.
**COUNTY OF OTERO** )

_____, being duly sworn, upon oath says: I am over the age of eighteen (18) years and not a party to this action, and I served the within Subpoena by delivering a copy thereof to each of the following persons therein named, in Otero County, New Mexico, on the dates hereinafter set out as follows:

_____ on _____, 2010
_____ on _____, 2010
_____ on _____, 2010
_____ on _____, 2010

I further certify that none of the said persons, except _____, at the time of service of the Subpoena, demanded fees and mileage for one day's attendance allowed by law, an that such fees and mileage were tendered to any of said persons who demanded same

Fees: $____

_____
Person over 18 Making Service

Subscribed and sworn to before me this ____ day of_____, 2010.


_____
Notary Public

My commission expires:



APODACA/CHAVEZ/ARAGON   CR-10-204/CR-10-205/CR-10-2OTERO DIV I COURTROOM

| Time | Speaker | Notes |
|---|---|---|
| 3:39:43 PM | Holmes | 4/18/11 horrible, sad, tragic day that can't be taken back, movie The Butterfly Effect- how quick fate can change, on 4/18/10 both sides armed, families situations could be different today, applauds dft's for taking plea in case, saved everyone going to three jury trial, no words to make victim's feel better, apologizes for their tragic loss, Isaac just turned 20 in February 2010, his prior Aggravated Battery as juvenile was with BB gun, friends messing around |
| 3:42:35 PM | Holmes | Aggravated Battery at age 20 was with brother who is present today, dft thinks about it daily that he could be in casket and his mother crying, dft knows he will do time, encourages court to suspend some sentence, did review Marcos PSR, Isaac would have been close to same for sentence of 15 years, asking court suspend more time |
| 3:44:00 PM | Holmes | Isaac did have plan to rob some Marijuana, never planned to kill anyone, never plan to use firearm while stealing Marijuana, Isaac did not know Michael took gun and went to other vehicle, Isaac told me he put self in this position, knows he is culpable, asking court not consider states request of 30 year sentence at 85%, level of culpability if less than 30 years, Isaac had family support |
| 3:45:52 PM | Holmes | met Isaac's grandfather last year in Cruces, got to know Isaac, Isaac aware he has to pay price, imposing max, running consecutive and not suspending anything will bring back victims, asking majority of sentence be suspended, will have a lot of exposure hanging over him while on probation |
| 3:47:42 PM | Connie Silva | Isaac's mother- sad day for all families, all feel pain without children, Isaac has big heart, would not hurt intentionally, family loves him very much, nephews visit him in jail, Isaac told me he sees same people come and go, would like chance to prove he would not come back, asking court look into Isaac eyes and see his heart |
| 3:49:20 PM | Isaac Apocada | facing victim's families and apologizing |
| 3:49:49 PM | Holmes | Isaac did have two write up's during 18 months in jail for being by fire exit, dft employed full time before incarceration |
| 3:50:26 PM | Torres | hard day, hardin affects since they went wide, knows their families, also knows victim's families, all part of hispanic community |
| 3:51:45 PM | Torrez | no words to express sympathy, he had brother killed by drunk drive, Marcos's mother killed when he was young, no really innocent people in this case, something that went bad, everyone has some idea of risk involved, Marcos did not get out of vehicle when this happened, he said he knew what was going on was wrong, did not mean for it to happen |
| 3:53:50 PM | J | did not receive PSR, did not order one |
| 3:53:56 PM | Torrez | court did order |
| 3:54:02 PM | Ceballes | received copy |
| 3:54:06 PM | J | record does not reflect PSR ordered |

10/20/2011

AO 241
(Rev. 06/13)

Page 8

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *I HAVE only FILEd A Petition For Habeas Corpus and WRIT OF CERTITORARI on all Grounds Presented IN This PAKET "EXHusted All STATE Remedies"*

**GROUND TWO:** " *DUE PRCES PROCESS PROCEDURE ' 14th Amendment* "

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

" *SEE ATTACED Pages* "

(b) If you did not exhaust your state remedies on Ground Two, explain why: " *EXHAUSTED All STATE REMEDIES* "

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *Raised IN WRIT OF CERTITORARI and PETITION FOR Habeas Corpus only*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Petition For WRIT of Habeas Corpus*

Name and location of the court where the motion or petition was filed: *OTERO County DISTRICT Court House 1000 NEW Youk AV. Alamogordo NEW mexico 88310*

Docket or case number (if you know): *D-1215-CR-206*

Date of the court's decision: *November 14, 2013*

AO 241
(Rev. 06/13)

Page 9

Result (attach a copy of the court's opinion or order, if available):

_"Copy Attached"_

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: _Filed under Writ of Certiorari_

Name and location of the court where the appeal was filed: _Sate of New Mexico Suprim_
_Court - PO Box 848 Santa FE, NM 87504_

Docket or case number (if you know): _S-1-SC-34,443_

Date of the court's decision: _April 18, 2016_

Result (attach a copy of the court's opinion or order, if available):

_"Copy Attached"_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two: _I Have only Filed a Pitition For_
_Certirati (s) Habeas Corpus and Writ of Certiorart on All Grounds Presented_
_In This Daket "Exhausted all State Remedies"_

**GROUND THREE:**  * _Defendants admiring of Prior Juvenile Conviction "14th_
_Amendment" Violation_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_"See Attached Pages" and Exhibit (D)_

CONTINUE FROM pg 8 - GROUNDS TWO: DUE PROCESS PROCEDURE RIGHTS 14 AMENDMENT

PETITIONER WAS DENIED HIS 14th AMENDMENT "DUE PROCESS PROCEDUR Rights, AS DEFINED IN THE US. Constitution, FAIR TRIAL, FAIR PROCEDURE" IN All CRIMINAL PROSECUTIONS, THE ACCUSED SHALL HAVE THE RIGHT TO APPEAR and Defend HIM SELF IN PERSON and by Counsel; TO Demand THE NATURE and Cause of accusation; TO BE CONFRONTED WITH THE Witnesses against HIM; TO HAVE THE charge and TESTOMONY INTERPRETED TO HIM IN a language HE UNDERSTANDS; TO HAVE COMPULSORY PROCESS TO COMPEL THE attendance of NESSESSARY witnesses IN HIS BEHALF, and a Speedy Public TRIAL by a Impartial JURY OF THE County OR DISTRIC IN WHICH THE OFFENCE IS Alleged TO HAVE been Committed "Rights TO OFFER Testimony of Witnesses and Compel THERE attendance IF NECESSARY IN Plain TERMS THE Right TO Present a defense and a Fundametal Element OF DUE PROCES, IF COUNSEL would HAVE ENTERED Witness testimony "IF Arggued Would HAVE SUPPORTED Pittioners DeFenss "Pittioner WAS sitting IN HIS Car WHICH WAS PARKED out sid The PARKING lot WHERE THE CRIM ACCURED and defendent NEVEL EXITED HIS Vehical or Joined or shared THE intent TO Comit THE Homicide which Accured.

~~Violation of "14th AMENDMENT"~~ GROUND THREE ~~Continue from~~ pg #9

PETITIONERS CONVICTION WAS obtained IN Violation of HIS US. Const 14th Amendment SEE STATE V. Archude 1978, 91 NM 682-579 P2d 808, Defendents admission of Prior CONVICTION IF used agensted HIM would HAVE EXposed HIM TO ENhanced SENTENCED, and THus Privilege SELF INCRIMINATION Applied TO That admission] NM SA RULE 5-113 GENERAL PROOF of CONVICTION IS not admissible and it is PRE Judicial TO admit Such PROOF, SEE STATE V Jones (1992) 114 NM 147, 853 P2d 863 "THE COURT RECORDS Will REVAL THE STATE Court Proceedings did not Conform TO FEDERAL Standerds and Defendents admission of prior Criminal Behavor Patently AFFECTED THE Verdict." IN The Instats Cause THE state DISTRICT Attorney IN THE presence of an open COURT Brought FORTH PRIOR Juvinial Convictions and Criminal Issues of Defendant "Which HE already payied HIS TIME FUR "See ~~Criminal (C)~~ ~~Court~~ ~~Trans crips~~" Policy Clearly STATES "MINOR RECORDS That Have Bee ~~used~~ Selied Can NOT BE USED Aggenst any person IN question. IN PSR. DONE on Defendent MS AIDA Ramos was unable to obtain past Juvenile RECORDS Due TO This Police. HOWEVER DISTRICT attorny's WERE able TO USE Them IN A open Court, This Shows The DUE Proces, was Tainted IN This CASE It clearly Shows MR. Aragon DID NOT HAR A FAIR DEFENCE. IF Alowed a EVIDENTARY HEARING MR. Aragon IS PREPARED TO Provied EVIDENCE TO Suport This Claim.



| 2:31:21 PM | Ceballes | JR-05-095 dft adjudicated delinquent to numerous offenses, stating offenses, also Unlawful carrying of deadly weapon, petition to revoke, dft received two year commitment |
|---|---|---|
| 2:32:12 PM | Ceballes | Chavez not model prisoner at OCDC, learned of incident while being relocated he resisted efforts of detention officers, dft threatened to kill Officer Lavoy, told officer if he found something sharp he would cut officers throat, he also told officer bang, bang, bang, dft deserving of his sentence |
| 2:33:36 PM | Ceballes | defendant Marcos Aragon- 2 Cts Accessory to murder, he is not stranger to judicial system, juvenile convictions, adjudication JR-00-123 Aggravated assault with deadly weapon, received 2 years, JR-01-007 adjudicated for Receiving stolen property, JR-02-038 adjudicate delinquent for Burglary, JR-04-007 adjudicate Unlawful carrying deadly weapon on school premises, JR-05-122 adjudicate delinquent for Aggravated Assault with deadly weapon, petition to revoke in 2006, as adult dft charge DR-09-314 for Battery that was plead to disorderly conduct Marcos deserving of his sentence |
| 2:35:59 PM | Ceballes | as to Isaac Apodaca, caused and encouraged Chavez, adjudication JR-05-109 for Aggravated Battery w/deadly weapon, petition to revoke in 2006, as adult DR-09-308  Aggravated Battery on household member and Possession Marijuana 1 oz, plea to lesser, Isaac deserving of his sentence |
| 2:37:27 PM | Ceballes | devastation and harm caused by dft's profound, two victim's in case who paid with their lives, dft's robbed victim's of everything they had or would have, Ricky Bustillos and Jimenez died ugly violent death |
| 2:38:30 PM | Ceballes | autopsy reports document degree of destruction to their bodies, victims ripped to shreds by .40 caliber ammo discharged by Michael Chavez |
| 2:39:00 PM | Ceballes | family members want to address court, Ricky Bustillos |
| 2:39:19 PM | J | problem in file, needs to make record, plea agreements standard forms, recognize notations as to findings, I neglected to sign each plea agreements, has record of plea proceedings, monitors log show plea accepted, does not prevent going forward or jeopardize cases |
| 2:40:46 PM | Ceballes | Ricky Bustillos autopsy injuries, died multiple gunshot wounds, 1 shot entered left chest, heart, lungs, ribs, exits right upper back, 2nd gunshot upper left arm into body, through ribs, muscle, gunshot to left arm, entrance wound in left arm that went through muscle, soft issue entered body through ribs, left lung where it lodged, has photo presented to court, Ricky in passenger seat slumped to right |

10/20/2011

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_"EXHAUSTED All STATE REMEDIES"_

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _RAISED IN WRIT OF CERTIORARI ~~CERTIORARI~~ (NM)_
_AND PETITION FOR HABEAS CORPUS ONLY_

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Petition FOR WRIT OF Habeas Corpus_

Name and location of the court where the motion or petition was filed: _OTERO COUNTY DISTRICT_
_COURT HOUSE 1000 NEW YOURK AV. Alamogordo NM 88310_

Docket or case number (if you know): _D-1215-CR-206_

Date of the court's decision: _NOVEMBER 14, 2013_

Result (attach a copy of the court's opinion or order, if available):

_"Copy Attached"_

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: _FILED UNDER WRIT OF CERTIORARI_

Name and location of the court where the appeal was filed: _STATE OF NEW MEXICO Suprem_
_COURT - PO BOX 848 Santa FE - NM 87504_

Docket or case number (if you know): _S-1-SC-34,443_

Date of the court's decision: _April 18, 2016_

Result (attach a copy of the court's opinion or order, if available):

_"Copy ATTACHED"_

AO 241
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *I HAVE ONLY Filed A Dition For Hebeas Corpus and writ of CERTITORARi on All Grounds PRESENTED IN This PAket "EXHAusted all STATE REMedies"*

**GROUND FOUR:** *"A VALID Clam OF ACTUAL INNOCENCE"*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
*"SEE ATTACED Pages"*

(b) If you did not exhaust your state remedies on Ground Four, explain why:
*"EXHAUSTED All STATE REMEDIES"*

(c)     **Direct Appeal of Ground Four:** *writ of CEPTIORARi and Habeas Carpas only*

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No   *CERtiorari*

(2) If you did not raise this issue in your direct appeal, explain why: *Raised IN writ of CERTiorari and Dition For Habeas Corpus only*

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Petition For writ of Habers Corpus*

A VAlid Clam of Actual Innocence "Under The New mexico
Constitution. Art II SEC 18 As Interpeted IN Montoya V. Ulbarri;
2007 NMSC-035, 142 NM 89, 163 P3d 476 Ex parte Tuley, 109
Sw 3d 388 (TEX Crim App 2003) Citing and discussing Ex parte
Elizondo 947 Sw 2d 202 (TEX Crim App) 1996) utilized by THE
Court IN Montoya, 2007 NMSC 035 9I 27-28 At a
HEARING on His Clam of Actual INNocence Pititoner will present
Evidence That Despite police statments wHere words were put
IN His Mouth HE DID NOT Join Co-defendant IN Taking of
THE FIRE Arm Routinaly Carried in His Vehicle and THERFOR
IS NOT Guilty of Homicide Comitted by Co-defendant.

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed: *OTERO Conty DISTRICT Court House 1000 NEW York Av. Alamogordo NM. 88310*

Docket or case number (if you know): *D-1215-CR-206*

Date of the court's decision: *NEVEMBER 14, 2013*

Result (attach a copy of the court's opinion or order, if available):

*"Copy ATTACHED"*

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *STATE of NEW Mexico Syprim Court - PO Box 848 Santa FE NM, 87504*

Docket or case number (if you know): *S-1-SC; 34,443*

Date of the court's decision: *April 18, 2016*

Result (attach a copy of the court's opinion or order, if available):

*"Copy ATTACHED"*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *I HAVE only Filed A Pitition FOR Habeas Corpus and WRIT of CERTorari oN All Grounds PRE Sorted IN This Paket "ExHAusted All STATE REmedies" To Include (4) motion To RECONSIDER SENTENCE. ORDER DeNying all (4) motion To RECoNSiDER ATTACHED.*

AO 241
(Rev. 06/13)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☒ Yes        ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:    "EXHAUSTED ALL STATE Remedios"

To INCluded Habeus Corpus, WRIT OF CERTIORARI

and (4) motion For Reconsider oF SENTENCE.

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

All grounds in This Petiton HAS BEEN PResented

IN STATE.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ☐ Yes    ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.    NO Petitions Have BEEN Filed

IN ANY FEDERAl Couet's.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☒ Yes    ☒ No (MK)

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

AO 241
(Rev. 06/13)

Page 14

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

        judgment you are challenging:

        (a) At preliminary hearing: _____

        _____

        (b) At arraignment and plea: *MARIO TORREZ 616 TENTH STREET*

        *Alamogordo NEW MEXICO 88310*

        (c) At trial: *TOOK PLEA NEVER WENT TO TRIAL*

        _____

        (d) At sentencing: *MARIO TORREZ 616 Tenth Street*

        *Alamogordo NEW mexico 88310*

        (e) On appeal: _____

        _____

        (f) In any post-conviction proceeding: *John L. WALKER - Post Conviction Habeus Unit*

        *505 MARQuette NW. #120 AlBQ NM 87012*

        (g) On appeal from any ruling against you in a post-conviction proceeding: _____

        _____

        _____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?         ☐ Yes    ☒ No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

        _____

        _____

        (b) Give the date the other sentence was imposed: _____

        (c) Give the length of the other sentence: _____

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?              ☐ Yes    ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        *To My Knowledge I Have Filed All motions
        Petitions ON TIME REQUIERD By law. I would
        like it to Be on Record That I am a laymen of the laws and
        had Filed All motion & Pitions Pro-SE with no help From
        any Attorny and Ask The Courts to allow this Pitition to
        BE excepted, IF limitations Have Expired.*

AO 241
(Rev. 06/13)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

②The Time during which a poperly Filed application For STATE Post-Conviction or other Collateral REview with respect To the Pertinent Judgment or claim Is pending shall not be Counted toward Any period of limitation under this subsection.

Therefor; Petitioner Asks That The Court Grant The Following Relief-

①. Dispit The Numerous Constitutional violations in Petitioners Case, Petitioner IS only REQuesting The Court To Grant His Request in Runing; Amended Count 1: Second Degree murder (ACCessory) NMSA 1978 § 30-2-01 (B) and § 30-1-13, a second degree felony resulting in the death of A human being and Amended Count 2: Second degree murder (Accessory) NMSA 1978 § 30-2-01 (B) and § 30-1-13 a Second degree felony resulting in the death of A human being. To Run Bouth Counts Concurrent with each other, To Give a total of (15) years in DOC The (5) years Suspended at the time of Sentencing and (5) year on Supervised probation upon Release FOR DOC and Grant all Time Defendent has Currently Served From April 19, 2010 To Current DATE.

② OR Suspend Amended Count 2: Second Degree murder (Accessory) To Give Defendent A Total of (15) year To Be Served In Doc with the Same (5) years suspended on probation upon Releas From DOC as ordered in Judgement and Sentencing and grant all Time Detendant has Currently Served From April 19 2010 To Current date.
   "Bouth REQuest Reflect The PRE-Sentence Report Done on Defendent Prior To Defenden Sentencing.

③. IF The Courts Do not EXcept Reliefs (1 OR 2) Petitioner Request To VACate and Set aside his Convictions ad Sentence on the basis that they Were obtained in violation of his state and federal Constitutional Rights To due process, To The Ineffective assistance of Counsel, and other Constitutional Violation Rights as described Herin. Petitioner seeks To VACate his Conviction and Sentence in this Case to obtain a new Trial, and To be immediately Released from the Judgment and Sentence of The Court in Cas number # D-1215-CR-2010-206 Pending a new Trial, OR an eviedentiary hearing in this matter. OR ANyother Relief To which Petitioner may be entitled.

CONCLUSIONS:

   Petitioner MARCOS Aragon REQuests This Honorable Court Grant 1 out of The 3 Request in his Petition For Writ of Habeas Corpus and Grant The proper Releat in this matter.

                    Filed PRO-SE MARCOS Aragon
                    Signature of Attorney (IF Any)

I DECLARE (OR CERTIFY, VERIFY, OR STATE) under the Penalty of
Porjury the The Forgoing is TRUE and Correct and That This
Petition FOR WRIT OF Habeas Corpus was placed in the US Mailing
System on: 7/18/16                    (month, DATE, YEAR)

EXECUTED by and on : Helen Guerrero ____ (NAME) 7/18/16 ____ DATE

X _Helen Guerrero_
Signature of Petitioner / other

IF THE PERSON Signing is NOT Petitioner, STATE RELATION TO
Petitioner AND Explain why Petitioner is NOT Signing This
Petition :

I Petitioner MARCOS Aragon REQUEST the Courts
To Except this Petition For hebeas Corpus Signed By
Helen Guerrero on BE half of my Self DUE TO
HER BEing the ONE TO Pay the Fileening FEE
ON my Be half And has Power of Attorney of All legal matters
Over me.

RESPECTAlly

MARCOS ARAgon
Po Box 1059
Santa FE NEW MEXICO
87504

11/20/2013 16:22 FAX  5754348886          DISTRICT COURT CLERK                    ☑ 002/003

IN THE TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF OTERO
STATE OF NEW MEXICO

FILED
DISTRICT COURT OF
OTERO COUNTY, N.M.

2013 NOV 14  PM 12: 48

STATE OF NEW MEXICO,

           Petitioner/Respondent,

v.                                              Cause No. D-1215-CR-201000206, Div. I

MARCOS ARAGON,

        Defendant/Petitioner.

## ORDER DENYING WRIT OF HABEAS CORPUS

    This matter comes before the Court upon Defendant's petition for writ of habeas corpus. Defendant *pro se* filed his original *Petition for Writ of Habeas Corpus* on February 27, 2012. On April 10, 2012, I entered an order appointing the Public Defender as *habeas* counsel and allowing the filing of an amended petition. After an extension of time, Public Defender John L. Walker filed on March 7, 2013, Defendant's *Restatement/Clarification of Issues Presented in Pro Se Petition, Inclusion of Additional Claims, and Motion for Response by State.* I entered my *Order for Response to Amended Petition for Writ of Habeas Corpus* on March 13, 2013. I deemed the March 7th filing to be an amended petition and ruled that all issues but one were either without merit or abandoned. I ordered the State to file a response on the sole issue: "whether Marcos Aragon has a valid claim of 'actual innocence' as described" in the amended petition. After further extension, the State filed its *Response to Petition for Writ of Habeas Corpus* on September 18, 2013.

    I have reviewed the record of the proceedings and I determine that an evidentiary hearing is not required. Rule 5-802(E)(3), NMRA. I am convinced my review and by the State's *Response* that the State would have been able to present sufficient evidence at trial that would have allowed a reasonable jury to find the Defendant guilty as an accessory to felony murder. Therefore, Defendant's current claim of "actual innocence" of the crime of accessory to second degree murder is without merit.

Defendant's petition for habeas relief is hereby denied. Defendant may appeal this ruling to the New Mexico Supreme Court by filing a petition for certiorari within thirty days of the date of this order. Rule 5-802(H), NMRA.

Jerry H. Ritter, Jr.
District Judge

I hereby certify that I mailed a copy of this order to Defendant at his address of record, and to Defense Counsel at his address of record, and that I delivered a copy to the Twelfth Judicial District Attorney, this _14th_ day of November, 2013.

Mary A. Cota
Trial Court Administrative Assistant

I CERTIFY AND ATTEST:
A true copy was served on all parties or their counsel of record on date filed.

*Joey D. Moya*
Clerk of the Supreme Court
of the State of New Mexico

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

## MANDATE NO. S-1-SC-34443

TO THE DISTRICT COURT FOR THE COUNTY OF OTERO, GREETINGS:

WHEREAS, in cause numbered D-1215-CR-2010-00206 on your habeas docket, wherein Marcus Aragon was petitioner, the petition for writ of habeas corpus was denied on November 14, 2013;

WHEREAS, the cause was afterwards brought by petitioner to this Court for review by petition for writ of certiorari pursuant to Rule 12-501 NMRA, which petition was granted on February 14, 2014, whereupon a writ of certiorari was issued; and

WHEREAS, an order quashing the writ of certiorari was entered on April 18, 2016.

NOW, THEREFORE, this cause is remanded for further proceedings, if any.

WITNESS, Honorable Charles W. Daniels, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 23rd day of May, 2016.

(S E A L)

Joey D. Moya, Chief Clerk of the Supreme Court of the State of New Mexico

July 18, 2016

Enclosed please find a Petition of a Writ of Habeas Corpus by a Marcos Aragon, a person in State Custody. And a money order for the filing fee.

I Helen Guerrero, Petitioners aunt am filing the petition enclose on behalf of my nephew Marcos Aragon.  If you have any questions you may reach me at 575-430-5697 or by mail at 1509 Juniper Drive, Alamogordo, New Mexico 88310.

I am asking you to please take this petition into consideration. I do believe he was misrepresented and I am willing to testify on his behalf since I was present when the plea deal took place.

Sincerely,

Helen Guerrero

### POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, which are intended to constitute a
<u>GENERAL POWER OF ATTORNEY</u>, pursuant to NMSA 1978 §45-4-501.  (WHEN POWER
OF ATTORNEY NOT AFFECTED BY DISABILITY).

That I _ARAGON , MARCOS_ .of _P.N.M Po Box 1059_ ,
                                      (Address)

in the County of _Santa FE, NM_ do hereby appoint the following person _Helen , GUERRERO_

of _1509 Juniper , Alamogordo NM⁸⁸³⁰_ , (Address) in the County of _OTERO_ , MY

ATTORNEY-IN-FACT, TO ACT FIRST:  In my name, place, and stead in any way which I

myself could do, if I were personally present, with respect to the following matters as each of

them is defined in NMSA 1978  §45-5-501, to the extent that I am permitted by law to act

through an agent.

### POWERS ENACTED

A)  Real Estate Transactions;

B)  Chattel and Goods Transactions;

C)  Bond, Share, and Commodity Transactions;

D)  Banking Transactions;

E)  Business Transactions;

F)  Insurance Transactions;

G)  Estate Transactions;

H)  Claims and Litigation;

I)  Personal Relationships and Affairs;

J)  Benefits from Military Service;

K)  Records, Reports, and Statements;

L)  Any Legal or Medical Transactions Pertaining by my Minor Children;

_____

M)  All Other Matters.
    _To Sign my NAme on any and All pAper work_
    _IN ANy legal proseding's I am involved in._

PLEASE NOTE:  Be sure to draw a line through any letterhead power listed above that you do not wish to have enacted in your stead, and be sure to initial after each line.

SECOND:  With full and unqualified authority to delegate any or all of the foregoing powers to any person or persons whom my attorney(s)-in-fact shall select.

IN WITNESS WHEREOF I have signed my name this _____ 9th _____ day of __November_____ , 20 15 .

_____
(Signature)

_____
(Signature of WITNESS)

_____
(Signature of WITNESS)

STATE OF NEW MEXICO        )

COUNTY OF __Santa Fe__ )          SS.



OFFICIAL SEAL
**Eric Luchetti**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 10 18 17

ACKNOWLEDGMENT

SUBSCRIBED AND SWORN to before me this 9th day of __November__ , 20 15

_____
Notary Public

10 | 18 | 2017
My Commission Expires:



Marcos Aragon #74374
3BQ109 Level 6
Penitentiary of New Mexico
P.O. Box 1059
Santa Fe, NM 87504

UNITED STATES
POSTAL SERVICE.

USPS TRACKING #

9114 9014 9645 0529 1973 74

Label 400   Jan. 2013
7690-16-000-7946

Pete V. Domenici United States Court
333 Lomas Blvd. NW Suit 270
Albuquerque, NM 87102-9943

RECEIVED

neopost
07/18/2016
US POSTAGE $003.88º

ZIP 88310
041M10264953