IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCOS ARAGON,

    Plaintiff,

v.                                                                           Civ. No. 16-836 JB/GBW

GERMAN FRANCO, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *Doc. 1.*  I recommend finding that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims.  I further recommend that Petitioner be given thirty days to voluntarily dismiss his unexhausted claims or to provide evidence that he has properly exhausted those claims in state court.  If, within thirty days, Petitioner does not provide evidence of exhaustion and does not elect to dismiss the unexhausted claims, I recommend dismissing his petition without prejudice.

**I.**       **BACKGROUND**

On August 9, 2011, Petitioner pled no contest to two counts of second degree murder, in violation of NMSA 1978 § 30-2-1(B) and § 30-1-13.  *Doc. 6-1* at 5.  In exchange for Petitioner's plea of no contest, the State of New Mexico agreed to dismiss charges of first degree murder, attempt to commit armed robbery, conspiracy to commit armed

robbery, and shooting at or from a motor vehicle. *Id.* at 5-6. On October 20, 2011, Petitioner was sentenced to a total period of incarceration of thirty years, with ten years suspended, for an actual term of incarceration of twenty years. *Id.* at 1-2.

On February 27, 2012, Petitioner filed a petition for writ of habeas corpus under the New Mexico Constitution, arguing that:

(1) his trial counsel was ineffective for failing to:

   a. conduct a proper investigation,
   b. investigate potential defenses,
   c. enter a change of venue for trial proceedings,
   d. preserve issues for appeal,
   e. enter key witness testimony or any other evidence in his defense,
   f. obtain Petitioner's approval before waiving a preliminary hearing,
   g. move to suppress evidence,
   h. request concurrent sentences, and
   i. fully inform Petitioner of the terms of the plea agreement;

(2) his conviction was obtained in violation of his right to procedural due process because evidence was not properly verified;

(3) his conviction was obtained in violation of his Sixth Amendment right to confrontation and right to a fair trial because he was:

   a. prevented from appearing at a preliminary hearing to challenge the evidence presented against him,
   b. entrapped by defense counsel into entering a guilty plea, and
   c. denied the opportunity to present a defense and obtain the trial court's assistance (compulsory process) in securing the presence of witnesses whose testimony would have established Petitioner's innocence;

(4) his conviction was obtained in violation of the Brady Rule because the prosecutor knew of exculpatory testimony given by Petitioner's co-defendants but failed to provide it to him;

  (5) his conviction was obtained in violation of his Fourteenth Amendment right to fundamental fairness because he was prejudiced by the State's introduction of his prior criminal convictions; and

  (6) prosecutorial misconduct deprived him of a fair sentence.

*See generally doc. 6-1* at 15-24.

On March 7, 2013, Petitioner's counsel filed an amended petition restating the issues presented in his petition and additionally moved to withdraw Petitioner's plea on the basis of actual innocence. *Doc. 6-1* at 25-28. Petitioner claimed actual innocence because he did not join in the plan to commit the robbery that constituted the underlying felony for the felony murder charges brought against him, but rather planned merely to engage in a transaction to purchase marijuana. *Id.* at 26. The state trial court ruled that all issues except the actual innocence claim were without merit or abandoned. *Id*. at 37. The court denied the actual innocence claim as well because "the State would have been able to present sufficient evidence at trial that would have allowed a reasonable jury to find the Defendant guilty as an accessory to felony murder." *Id.*

On January 10, 2014, Petitioner filed a petition for writ of certiorari to the Supreme Court of New Mexico, which included arguments as to several issues not presented to the trial court: (1) that his counsel was ineffective because he failed to inform Petitioner that he had ties to the victims' families, thus creating a conflict of interest; (2) Petitioner was deprived of a speedy public trial by an impartial jury; and (3)

3

Petitioner was denied the right to have the charge and testimony explained to him in a language he understands. *Doc. 6-2* at 2, 5.

The Supreme Court of New Mexico initially issued a writ of certiorari and ordered that the matter be held in abeyance on February 14, 2014, and then quashed the writ on April 18, 2016. *Id.* at 47-50. While the proceedings were in abeyance, Petitioner filed three motions to reconsider his sentence, each of which was denied by the trial court as untimely on June 29, 2016. *Id.* at 60-62. On July 20, 2016, Petitioner filed a Petition for a Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254. *Doc. 1.* For purposes of the "in custody" requirement of 28 U.S.C § 2254, Petitioner was in custody at the time he filed, and remains in custody. Respondents, adhering to the Court's directive to inform the Court as to the status of Petitioner's state proceedings, filed their answer on September 1, 2016. *See docs. 4, 6.*

## II.    LAW REGARDING THE EXHAUSTION REQUIREMENT

A federal court cannot grant a petition for *habeas corpus* under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). "A claim has been exhausted when it has been 'fairly presented' to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

> "Fair presentation" requires more than presenting all the facts necessary to support the federal claim to the state court or articulating a somewhat similar state-law claim. "Fair presentation" means that the petitioner has raised the "substance" of the federal claim in state court. The petitioner

4

>need not cite "book and verse on the federal constitution," but the petitioner cannot assert entirely different arguments from those raised before the state court.

*Id.* (internal citations omitted).  Moreover, to exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process" in order to "give the state courts a full and fair opportunity" to correct alleged constitutional errors.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile, either on the grounds that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the applicant."[1]  28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii).  "The state prisoner bears the burden of proving that he exhausted state court remedies, or that exhaustion would have been futile."  *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citations omitted).

### III. PETITIONER'S CLAIMS AND STATUS OF EXHAUSTION

#### i. *Ground One*

In his first ground for relief, Petitioner claims that he was denied effective assistance of trial counsel because his counsel (1) unilaterally waived a preliminary hearing; (2) failed to file a motion to suppress evidence that Petitioner claims was seized

---

[1] Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

pursuant to a defective search warrant; (3) failed to fully inform Petitioner of the terms his plea agreement; and (4) failed to inform Petitioner that counsel knew the victims of the underlying crime. *Doc. 1* at 7-8. Petitioner raised the first three sub-claims of ineffective assistance of counsel in his state habeas petition, but did not present the claim regarding counsel's failure to disclose a potential conflict of interest. *See generally doc. 6-1* at 15-24. Therefore, Petitioner's claim of ineffective assistance of counsel on the basis of counsel's failure to disclose connections to the victims is not exhausted.

  ii.  *Ground Two*

In his second ground for relief, Petitioner claims that he was denied his Fourteenth Amendment due process right to a "fair trial [and] fair procedure" because he was prevented from (1) confronting the witnesses against him; (2) having the charge and testimony explained to him in a language he understands; (3) exercising his right to compulsory process; (4) presenting a defense in the form of exculpatory witness testimony; and (5) enjoying a speedy, public trial by an impartial jury.[2] *Doc. 1* at 18. Petitioner presented several of these sub-claims in his state habeas petition, but did not present the claims regarding the denial of a speedy trial and the failure to explain the

---

[2] While Petitioner has framed these issues generally as a denial of the fundamental fairness required by the due process clause of the Fourteenth Amendment, it should be noted that the denial of a defendant's right to a speedy, public trial by an impartial jury and the failure to provide a non-English-speaking defendant with an interpreter in the courtroom additionally implicate the Sixth Amendment. *See, e.g., U.S. ex rel. Negron v. State of N. Y.*, 434 F.2d 386, 389 (2d Cir. 1970); *Davila-Marquez v. City of Pasco*, No. CV-12-5059-LRS, 2013 WL 1136658, at *2-3 (E.D. Wash. Mar. 18, 2013) (explaining that the Sixth Amendment rights to confront adverse witnesses and to be present at one's trial are implicated when a defendant's right to a translator is denied).

charges and testimony in a language he understands.  *See generally doc. 6-1* at 15-24.  Therefore, Petitioner's claim of denial of his rights to a speedy, public trial and to an interpreter to explain the charges and testimony to him are unexhausted.

      *iii.*    *Grounds Three & Four*

In his third ground for relief, Petitioner claims that he was denied due process as a result of the use of his prior criminal convictions against him, including juvenile convictions, which he alleges compelled his self-incrimination.  Doc. 1 at 18.  In his fourth ground for relief, Petitioner claims that he is actually innocent of the offenses to which he pled no contest.  *Id.* at 22.  Because Petitioner raised both of these claims in his state habeas petition, they are both exhausted.  *See doc. 6-1* at 22-23, 26.

**IV.**    **PETITIONER SHOULD BE GIVEN THIRTY DAYS TO DISMISS HIS UNEXHAUSTED CLAIMS**

    **A.**    **Treatment of a Mixed Petition**

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, it is "mixed."  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).  When a petition is mixed, the Court has four options: it can "(1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit."  *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

7

**B.     Recommendation Regarding the Instant Petition**

Given that several of Petitioner's claims are unexhausted, it is not judicially efficient to adjudicate the merits of the unexhausted claims. *See Rose*, 455 U.S. at 522 (strict enforcement of the exhaustion requirement is desirable because it "promotes comity and does not unreasonably impair the prisoner's right to relief"); *see also Rockwell v. Yukins*, 217 F.3d 421, 425 (6th Cir. 2000) (explaining that ruling on a mixed petition is only appropriate where exceptional circumstances excuse the failure to exhaust the unexhausted claims). Therefore, the undersigned recommends initially following the third option and giving Petitioner an opportunity to dismiss the unexhausted claims. If he does so, the undersigned will review the remaining claims on their merits. If Petitioner fails to do so, the undersigned recommends dismissal of the mixed petition in its entirety without prejudice.

**IV.    CONCLUSION**

As set forth above, I recommend finding that Petitioner has failed to exhaust the following grounds for relief:

(1) Ground One regarding the claim of ineffective assistance of counsel due to counsel's failure to inform Petitioner that counsel knew the victims of the crime; and

(2) Ground Two regarding the claim that Petitioner was denied his Fourteenth Amendment due process right to a fundamentally fair trial and procedure

because he was denied a speedy, public trial and was prevented from having the charges and testimony explained to him in a language he understands.

I recommend that Petitioner be given thirty days to file a notice with the Court agreeing to voluntarily dismiss each of the claims identified above or otherwise provide evidence demonstrating exhaustion. If Petitioner fails to dismiss the unexhausted claims or provide sufficient evidence of exhaustion, I recommend that the Court dismiss his petition in its entirety without prejudice. Failure to respond will constitute a refusal to dismiss the unexhausted claims.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**